## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TOBY EDARWDS LACY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-306-RLW |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS BOARD OF | ) | |
| PROBATION AND PAROLE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Missouri State prisoner Toby Edarwds Lacy for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $6.82. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice, and will deny as moot plaintiff's motion seeking the appointment of counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid.  *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly deposit of $34.11, and an average monthly balance of $22.36. The Court will therefore assess an initial partial filing fee of $6.82, which is twenty percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered

2

within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted), Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

## Background

On January 11, 2021, plaintiff filed a complaint *in forma pauperis* in this Court pursuant to 42 U.S.C. § 1983 against the following five public officials in their official capacities: Officer Unknown Callahan, Parole Officer Timothy Hedrick, Unit Supervisor Lisa Dempsey, Facility Supervisor Jonathan Miller, and Facility Director Cora Haynes. *See Lacy v. Callahan, et al.,* No. 4:21-cv-45-RLW (E.D. Mo. 2021) (hereafter "*Lacy I*"). Plaintiff alleged that on or about October 23, 2020, while he was a resident at the Farmington Community Supervision Center ("FCSC"),[1] a fellow resident named Chase Coplin wrongfully accused him of sexual misconduct. Plaintiff alleged that even though he did nothing wrong, his parole was revoked and he was subjected to extended incarceration. He claimed the defendants were liable to him because they refused his

---

[1] The FCSC is a Missouri Department of Corrections Division of Probation and Parole facility for offenders under community supervision. It provides a structured, residential program to assist and supervise offenders transitioning from prison to the community, or offenders who are at risk of revocation from community supervision. https://doc.mo.gov/divisions/probation-parole (last visited May 11, 2021).

request to investigate the incident, failed to follow policy and rules, and/or recommended revocation of his parole status. He sought damages from the defendants to compensate him for each additional day he was forced to spend in prison.

On May 10, 2021, this Court dismissed the complaint after determining, *inter alia*, that a claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment. The Court further determined that even if plaintiff had sued the defendants in their individual capacities, his claims would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). This Court takes judicial notice of the foregoing prior litigation, the records of which are public records filed in this United States District Court and which relate closely to the case at bar. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (citations omitted) (district court could "take judicial notice, whether requested or not . . . of its own records and files, and facts which are part of its public records . . . Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it.").

## The Complaint

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections Board of Probation and Parole. His claims are premised upon the same events and resulting parole revocation as in *Lacy I.* He alleges as follows.

On October 23, 2020 while plaintiff was a resident at the FCSC, a fellow resident named Chase Coplin wrongfully accused him of sexual misconduct. On December 3, 2020, the defendant issued a decision to revoke plaintiff's parole. As reasons therefor, the defendant cited plaintiff's violation of a rule requiring him to report to his parole officer, and a rule requiring him to successfully complete a supervision strategy as directed. However, plaintiff never saw or spoke to his parole officer before October 29, 2020, and was never specifically directed to

4

complete any particular supervision strategy. Additionally, when plaintiff was released from the Missouri Department of Corrections ("MDOC") to the FCSC, he was told he would not start the FCSC program until the following Monday. Plaintiff concludes it was therefore wrong for the defendant to find him guilty of violating the aforementioned rules. Plaintiff further alleges the defendant found him guilty of sexual assault, sexual harassment and intimidation before an investigation was fully complete. He claims an investigator said he did not believe plaintiff was guilty. Plaintiff contends he did nothing wrong, and was found guilty of something he did not do.

Attached to the complaint are copies of Field Violation Reports prepared by Officers Miller and Hedrick, who were defendants in *Lacy I.* The reports recount the October 23, 2020 incident at the FCSC, recommend revocation of plaintiff's parole, and note plaintiff's waiver of a preliminary hearing and decision to not provide a statement concerning the incident. Also attached is the defendant's Order of Revocation, and a copy of an Informal Resolution Request plaintiff filed on December 10, 2020 to grieve the matter.

Plaintiff claims the defendant's wrongdoing caused him to suffer extended incarceration and psychological injury. As relief, plaintiff seeks an unspecified amount in damages for each day "that was taken from [him]." (ECF No. 1 at 18). He writes: "days & week, [*sic*] months are being taken from my life for something I never did." *Id.*

After filing the complaint, plaintiff filed two letters in an attempt to communicate with the Court about this pending action.[2] (ECF Nos. 5 and 7). In the first letter, plaintiff complains that prison staff members wrongfully told him that parole revocation and incidents that occurred at the FCSC were not grievable matters. Plaintiff argues that is an incorrect interpretation of

---

[2] Letters are an inappropriate means by which to communicate with the Court regarding a pending case. E.D. Mo. L.R. 4.04(A) ("self-represented litigants shall not communicate in writing with the Court concerning any pending case except by motion or memorandum, unless otherwise directed by the Court.").

MDOC policies, and that prison staff members are violating the rules. He also complains about limited access to the prison law library. In the second letter, plaintiff notes that while video footage of himself and Coplin on a bunk was considered evidence of his guilt, other documentation indicates the view of the bunk was obscured.

### Discussion

The Eleventh Amendment to the United States Constitution prohibits suits against the state and state agencies. *Nix v. Norman*, 879 F.2d 429, 432–33 (8th Cir. 1989). Because plaintiff's § 1983 complaint for damages is against the Missouri Department of Corrections Division of Probation and Parole, a state agency, this action is subject to dismissal.

The Eleventh Amendment bars a § 1983 lawsuit against a state agency even if the entity is the moving force behind the deprivation of the federal right. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Larson v. Kempker*, 414 F.3d 936, 939 n. 3 (8th Cir. 2005). Therefore, although plaintiff claims the defendant violated his federally-protected rights, the defendant is nevertheless immune from plaintiff's § 1983 claims. Plaintiff has not demonstrated that the defendant is somehow exempt from this Eleventh Amendment bar. Furthermore, the Supreme Court has determined that § 1983 does not abrogate the constitutionally-guaranteed immunity of the states. *Quern v. Jordan*, 440 U.S. 332 (1979). Finally, a state agency like the defendant herein is not a "person" subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp*., 948 F.2d 1084, 1086 (8th Cir.1991) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)).

Recognizing its duty to liberally construe *pro se* complaints, the Court has considered whether plaintiff's allegations would state an individual capacity claim against the state actors who were involved in the decision to revoke his parole, and concludes they would not. As the

Court determined in *Lacy I,* even if plaintiff had alleged such claims, they would be barred by *Heck v. Humphrey,* 512 U.S. 477. Finally, the content of plaintiff's letters would not state a viable claim for relief even if it were included in the complaint. Plaintiff alleges nothing permitting the inference that a state actor deprived him of his right to file a nonfrivolous grievance, and his allegations that prison officials violated prison policies and procedures would not state a claim of constitutional dimension. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). Finally, plaintiff alleges nothing permitting the inference that lack of access to the law library or legal materials caused an "actual injury" as would be required to prevail on a claim premised upon denial of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 351-52 (1996) and *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996).

Having thoroughly reviewed and liberally construed the complaint and plaintiff's additional submissions, the Court concludes this action is subject to dismissal. Plaintiff is clear about the claims he wishes to bring, and his allegations would not state a viable claim even if he had named a defendant that does not enjoy Eleventh Amendment immunity. It is apparent that the problems with the complaint would not be cured by permitting plaintiff to file an amended pleading. Therefore, this case will be dismissed at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $6.82 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to

"Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of May, 2021.

8